# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jose A. Godinez-Navarro, on behalf of himself and all other similarly situated persons, known and unknown, Plaintiffs,<br>v.<br>Emerald Construction, Inc., d/b/a Clare Castle Custom Home Builders, and Joseph M. Griffin, Defendants. | Case No. |

## COMPLAINT

NOW COMES Jose A. Godinez-Navarro, on behalf of himself and all other similarly situated persons, known and unknown (hereafter, "Plaintiff"), through counsel and for his Complaint against Emerald Construction, Inc., d/b/a Clare Castle Custom Home Builders (hereafter, "Emerald Construction") and Joseph M. Griffin, individually, (collectively, "Defendants"), and states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a workweek.

2. Defendants' unlawful compensation practices have denied Plaintiff and other similarly situated persons their earned and living wages.

3. Plaintiff brings Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

6. Plaintiff resides in Kane County, Illinois, which is in this judicial district.

7. Plaintiff was employed by Defendants in Kendall County, Illinois, which is in this judicial district.

8. Plaintiff worked for Defendants from 2013 to October 2015.

9. Throughout the course of his employment, Plaintiff was involved in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq*., and the IMWL, 820 ILCS 105/1 *et seq*.

### Defendants

10. Defendants operate a home building business called Emerald Construction, Inc., that does business as Clare Castle Custom Home Builders and is located at 217 Stonemill Lane, Oswego, IL.

11. Defendant Emerald Construction is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Based on information and belief, Defendant Emerald Construction, Inc. has annual gross sales of $500,000.00 or more.

13. Defendant Emerald Construction, Inc. has had two (2) or more employees involved in interstate commerce.

14. Defendant Emerald Construction, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Defendant Joseph M. Griffin is the President of Emerald Construction, Inc. and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

16. Defendant Joseph M. Griffin was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

17. Upon information and belief, Defendant Joseph M. Griffin resides and is domiciled in this judicial district.

## FACTS

18. Plaintiff worked for Defendants as a concrete finisher.

19. Plaintiff regularly worked, at the direction of Defendants, in excess of forty (40) hours in a workweek.

20. Plaintiff was paid weekly.

21. Plaintiff was paid by check.

22. Plaintiff was paid a regular hourly rate of $30.00.

23. Plaintiff was paid for all hours worked, including overtime hours worked in excess of 40 hours in a workweek, at his regular hourly rate.

24. Plaintiff regularly worked over 40 hours per week or more as directed by Defendants, but was not paid proper overtime wages for time worked in excess of 40 hours.

25. Plaintiff was not paid time and a half his regular hourly rate for all hours worked in excess of 40 hours in a workweek.

26. Plaintiff is not exempt from the overtime provisions of the FLSA or the IWML.

27. Defendants denied Plaintiff and other similarly situated employees their earned wages.

## **COUNT I: VIOLATION OF THE FLSA**
**Overtime Wages**

28. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

30. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay

overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

33. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

34. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

35. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

36. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

37. Plaintiff and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants did not pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants violated the IMWL by failing to pay Plaintiff, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

Dated: June 23, 2017

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

*One of plaintiff's attorneys*